```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

         AUG 01 2023
           AT SEATTLE
     CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
  BY                      DEPUTY
```

Judge John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-174 JCC |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JOSEPH TROY EASTON, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and C. Andrew Colasurdo and Michelle Jensen, Assistant United States Attorneys for the Western District of Washington, and Defendant Joseph Troy EASTON and Defendant's attorney, Jeff Kradel, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(C)(1)(A) and 11(C)(1)(B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas to the following charges contained in the Second Superseding Indictment:

   a. Conspiracy to Distribute Controlled Substances, a lesser-included offense as that charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

Plea Agreement - 1
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. Unlawful Possession of a Firearm, as charged in Count 19, in violation of Title 18, United States Code, Section 922(g)(1); and

   c. Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 17, in violation of Title 18, United States Code, Section 924(c)(1)(A).

  By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

  2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

   a. The elements of Conspiracy to Distribute Controlled Substances, the lesser-included offense as that charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846 are as follows:

    i. First, there was an agreement between two or more persons to distribute controlled substances, to wit methamphetamine, heroin, and fentanyl; and

    ii. Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose, that is the distribution of methamphetamine, heroin, and fentanyl.

   b. The elements of Unlawful Possession of a Firearm, as charged in Count 19, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

    i. First, on or about the date charged, within the Western District of Washington, Defendant knowingly possessed a firearm;

    ii. Second, the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and

    iii. Third, at the time Defendant possessed the firearm, Defendant had previously been convicted of a felony offense punishable by imprisonment for a term exceeding one year; and

Plea Agreement - 2
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iv.     Fourth, at the time Defendant possessed the firearm, Defendant knew he had previously been convicted of a felony offense punishable by imprisonment for a term exceeding one year.

       c.     Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 17, in violation of Title 18, United States Code, Section 924(c)(1)(A):

            i.     First, on or about the date charged, Defendant committed a drug trafficking crime (Count 1, Conspiracy to Distribute Controlled Substances); and

            ii.    Second, Defendant knowingly carried a firearm during and in relation to that crime.

3.     **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

       a.     For the offense of Conspiracy to Distribute Controlled Substances, the lesser-included offense as that charged in Count 1:

            i.     a maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of five years;

            ii.    a fine of up to $5,000,000.00;

            iii.   a period of supervision following release from prison of at least four years and up to life; and

            iv.    a mandatory special assessment of $100.00.

       b.     For the offense of Unlawful Possession of a Firearm, as charged in Count 19:

            i.     a maximum term of imprisonment of up to 15 years;

            ii.    a fine of up to $250,000.00;

            iii.   a period of supervision following release from prison of up to three years; and

            iv.    a mandatory special assessment of $100.00.

Plea Agreement - 3
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    c.  Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 17, in violation of Title 18, United States Code, Section 924(c)(1)(A):

      i.  a maximum term of imprisonment of up to life with a mandatory minimum term of imprisonment of five (5) years, which must be served consecutive to any other sentence imposed;

      ii.  a fine of up to two-hundred-fifty-thousand dollars ($250,000);

      iii.  a period of supervision following release from prison of up to (5) years; and

      iv.  a mandatory special assessment of one hundred dollars ($100).

If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

**Drug Offense – Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the lesser-included drug offense charged in Count 1, the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved more than 5 grams of methamphetamine, its salts, isomers, and salts of its isomers, 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, 100 grams or more of a mixture or substance containing a detectable amount of heroin, and 40 grams or more of a mixture or substance containing fentanyl. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved more than 5 grams of

Plea Agreement - 4
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

methamphetamine, its salts, isomers, and salts of its isomers, 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, 100 grams or more of a mixture or substance containing a detectable amount of heroin, and 40 grams or more of a mixture or substance containing fentanyl.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively

Plea Agreement - 5
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the

Plea Agreement - 6
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense(s):

    Beginning at a time unknown, and continuing until on or about November 2, 2021, the drug-trafficking organization charged in this case (the "DTO") distributed, and directed other associates to distribute, controlled substances, including methamphetamine, heroin, and fentanyl, in the Western District of

Plea Agreement - 7
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington and elsewhere. Numerous individuals assisted the DTO with its drug trafficking activities. Some individuals supplied methamphetamine, heroin, and fentanyl, while others, including Defendant EASTON, helped redistribute those drugs to others in the Western District of Washington and elsewhere.

This conspiracy, and EASTON's role therein, is established by witness and informant accounts; recorded telephone calls; court-authorized interceptions of wire and electronic communications; controlled purchases of drugs by confidential sources; surveillance; seizures of drugs and cash; search warrants; and other evidence, only some of which is outlined below.

For more than a year, EASTON regularly acquired large amounts of methamphetamine, heroin, and pills containing fentanyl directly from the DTO. For example, early in the investigation, prior to intercepting DTO phones, EASTON meet with members of the DTO to obtain large, undetermined amounts of drugs on December 28, 2020 (in Tacoma), January 21, 2021 (in Tukwila), February 6, 2021 (in Bremerton), February 25, 2021 (in Tacoma), March 6, 2021 (in Tukwila), and March 18, 2021 (in Tacoma).

Once EASTON obtained the drugs, he and his wife would redistribute those drugs to various local DTO redistributors who would further redistribute those drugs to others in the Western District of Washington. A few examples of EASTON's conduct, which are supported by intercepted communications and/or surveillance observations, are described below. All of the events described below occurred in the Western District of Washington.

On June 26, 2021, EASTON delivered five pounds of methamphetamine to a Local DTO Redistributor (LDR1) in Parkland, Washington.

On June 30, 2021, EASTON obtained ten pounds of methamphetamine from the DTO in Tukwila, and on July 3, 2021, EASTON delivered three pounds of the methamphetamine to one Local DTO Redistributor (LDR2) and another two pounds of it to a separate Local DTO Redistributor (LDR3), both of whom lived in Port Orchard, Washington.

On July 4, 2021, EASTON delivered a half-pound of methamphetamine to a Local DTO Redistributor (LDR4) in Belfair, Washington.

On July 7, 2021, EASTON delivered a kilogram of heroin that he had earlier obtained from the DTO to a pair of Local DTO Redistributors (LDR3 and LDR5) in Silverdale, Washington.

Plea Agreement - 8
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On July 9, 2021, EASTON delivered a half-pound of methamphetamine to a Local DTO Redistributor (LDR3) in Bremerton, Washington.

On July 10, 2021, EASTON obtained three pounds of methamphetamine from the DTO in Tukwila, and later delivered two pounds of it to a Local DTO Redistributor (LDR4) on July 13, 2021, in Belfair, Washington.

On July 12, 2021, EASTON delivered another kilogram of heroin that he had earlier obtained from the DTO to the same pair of local DTO Redistributors (LDR3 and LDR5) in Bremerton, Washington, to whom he had previously delivered a kilogram of heroin on July 7, 2021.

On July 14, 2021, EASTON obtained at least 13 pounds of methamphetamine from the DTO in Tukwila and immediately delivered ten pounds of it to a Local DTO Redistributor (LDR1) in Parkland, Washington.

On July 17, 2021, EASTON obtained ten pounds of methamphetamine from the DTO in Kent, Washington. Another Local DTO Redistributor (LDR2) accompanied EASTON to this meeting and EASTON later gave LDR2 three pounds of methamphetamine on July 21, 2021, and also gave one pound of methamphetamine to LDR4 on July 20, 2021, in Belfair.

On July 31, 2021, EASTON obtained ten pounds of methamphetamine from the DTO in Kent to redistribute to others.

EASTON also acquired and helped the DTO redistribute thousands of pills containing fentanyl, though the amounts acquired and/or delivered on a specific occasion was less clear. Some examples are set forth below.

On June 25, 2021, when EASTON told LDR3 he had more "blues" (pills containing fentanyl), LDR3 said he still had plenty and referred to the two bags of pills EASTON had previously given him. Three days later, on June 28, 2021, LDR3 informed EASTON that someone was talking about buying all of them (pills) right now and asked EASTON how many (pills) he (EASTON) had so that he could fulfill the buyer's order. EASTON told LDR3 he had 2,000 to 3,000 left.

On June 29, 2021, EASTON asked if LDR2 was ready for more. LDR2 said yes, always. LDR2 then asked EASTON if he had more "blues" (pills containing fentanyl). EASTON said he had 4,000. LDR2 said he was getting low and that he only had a couple of hundred right now and that they would not last

Plea Agreement - 9
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

long. EASTON asked how much cash LDR2 had. LDR2 said that he (LDR2) should probably finish paying EASTON and acknowledged that he (LDR2) owed EASTON "28" ($2,800).

On July 15, 2021, an unindicted co-conspirator called EASTON to see if "they" (EASTON and his wife) had "anything." EASTON's wife answered EASTON's phone and said not now – they were all sold out – but explained they (she and EASTON) were on their way to Tukwila (where EASTON commonly met members of the DTO) and said she would call when they were coming back. Later, the unindicted co-conspirator called back asking if they (EASTON and his wife) got any "blues" (pills containing fentanyl) and EASTON's wife said she thought so. The unindicted co-conspirator then sent a text message to EASTON that read, "I have like $600 or more if the sky is blue today and [some] more for clear skies" (referring to the unindicted co-conspirator's desire to acquire more pills containing fentanyl and methamphetamine).

On November 2, 2021, agents and members of local law enforcement went to EASTON's residence in Bremerton, Washington to arrest him and his wife and search their home. Both were arrested without incident. During the search of his home, agents recovered 52.4 grams of pure methamphetamine. During the search of EASTON's Chevrolet Tahoe, agents found a Sig Sauer, Model SP 2022, semi-automatic pistol (serial number SP0172075) loaded with 14 rounds of ammunition in the glove box. An additional bag of ammunition was recovered from the rear of the Tahoe. EASTON admits that he took the Sig Sauer firearm and two associates to a meeting with another co-conspirator the evening of October 6, 2021/morning of October 7, 2021, at the Ethos apartment complex in Kent, Washington, to discuss DTO business.

EASTON admits that he carried the Sig Sauer firearm and ammunition described above during and in relation to the drug trafficking conspiracy and that the firearm and ammunition seized from the Tahoe facilitated his drug trafficking offense.

EASTON admits that he possessed the Sig Sauer, Model SP 2022, semi-automatic pistol (serial number SP0172075) described above, and further admits that it was not manufactured in the state of Washington and that it had traveled in interstate and foreign commerce. EASTON further admits that he knew that he had previously been convicted the following crime punishable by a term of imprisonment exceeding one year at the time he possessed the firearm described above: *Malicious Mischief in the Second Degree*, cause number 07-1-00612-3, in Kitsap County Superior Court, Washington, on or about June 15, 2007.

Plea Agreement - 10
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

EASTON admits that he obtained the methamphetamine, heroin, and fentanyl pills described above from the DTO and then helped the DTO redistribute those drugs to others in the Western District of Washington. Although the exact amount of drugs EASTON distributed, or conspired to distribute, is unknown, the parties agree that it was at least 50 pounds (22,679.6 grams) of a mixture or substance containing methamphetamine, two kilograms (2,000 grams) of a mixture or substance containing heroin, and 5,000 pills (445.2 grams) containing of a mixture or substance containing fentanyl.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of 36 under USSG §§ 2D1.1(c)(2) because the offense involved at least at least 50 pounds (22,679.6 grams) of a mixture or substance containing methamphetamine, two kilograms (2,000 grams) of a mixture or substance containing heroin, and 5,000 pills (445.2 grams) containing of a mixture or substance containing fentanyl, which results in a converted drug weight of 48,472.2 kilograms;

   b. A four-level increase under USSG § 2D1.1(B)(13) because Defendant knowingly misrepresented or marketed as another substance a mixture or substance containing fentanyl or a fentanyl analog; and

   c. A two-level decrease under USSG § 3E1.1(a), as further explained in Paragraph 10.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 11
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** The United States agrees that Defendant is eligible to have the offense level reduced by two levels for accepting responsibility, pursuant to USSG §§3E1.1(a). However, the United States will not move to apply the third level reduction, pursuant to USSG §§3E1.1(b), because Defendant did not timely notify the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentence Recommendation.** The United States agrees to recommend a term of imprisonment that is no longer than 120 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property that constitutes or is traceable to proceeds of his commission of Conspiracy to Distribute Controlled Substances, the lesser-included offense as that charged in Count 1, as well as any property that facilitated the offense. All such property is forfeitable pursuant to Title 21, United States Code, Section 853, and includes but is not limited to:

    a.    Sig Sauer, Model SP 2022, semi-automatic pistol (serial number SP0172075) loaded with 14 rounds of ammunition recovered from the Chevrolet Tahoe's glove box; and

Plea Agreement - 12
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b. a bag of ammunition recovered from the Chevrolet Tahoe's rear cargo area; and

  Defendant further agrees to forfeit immediately his right, title, and interest in all firearms and ammunition that were involved in his commission of Unlawful Possession of a Firearm, the offense charged in Count 19, and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, the offense charged in Count 17. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to:

    a. Sig Sauer, Model SP 2022, semi-automatic pistol (serial number SP0172075) loaded with 14 rounds of ammunition recovered from the Chevrolet Tahoe's glove box; and

    b. A bag of ammunition recovered from the Chevrolet Tahoe's rear cargo area.

  Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

  The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is traceable to proceeds of his commission of Conspiracy to Distribute Controlled Substances, or facilitated that offense or consists of firearms or ammunition involved in his commission of Unlawful

Plea Agreement - 13
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Possession of a Firearm or Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

13. **Abandonment of Firearms and Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any firearms, firearm accessories, ammunition or illegal contraband that was in his direct or indirect control, he consents to the federal administrative disposition, official use, and/or destruction of that property.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts charged against Defendant in the Second Superseding Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement - 14
*United States v. Joseph Troy Easton*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 15
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

       This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

       If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

       17.     **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

       18.     **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//

Plea Agreement - 16
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 1st day of August, 2023.

JOSEPH TROY EASTON
Defendant

JEFF KRADEL
Attorney for Defendant

VINCENT T. LOMBARDI
Assistant United States Attorney

C. ANDREW COLASURDO
MICHELLE JENSEN
Assistant United States Attorneys

Plea Agreement - 17
United States v. Joseph Troy Easton, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970